# **<u>EXHIBIT A</u>**

Date Filed 5/16/2025 6:07 PM
Superior Court - Norfolk
Docket Number

Docketed 5/19/25

## COMMONWEALTH OF MASSACHUESETTS

NORFOLK, ss                                    SUPERIOR COURT


SHANA SHAFFER,                    )        CIVIL CASE NO.:  2582CV00550
                                  )
    **Plaintiffs,**               )
                                  )
v.                                )
                                  )
SHARKNINJA OPERATING LLC,         )        **JURY TRIAL DEMANDED**
                                  )
    **Defendants.**               )


## COMPLAINT

Plaintiff SHANA SHAFFER, by and through the undersigned counsel, sets forth her claims against Defendant SHARKNINJA OPERATING, L.L.C. ("SHARKNINJA") in this Complaint for Damages and Jury Trial Demand as follows:

## NATURE OF THE CASE

1.      This is a strict liability, negligence, and breach of warranty action to remedy the damages caused by latent safety defects in the SHARKNINJA "Ninja Nutri Pro Compact Personal Blender with Auto-iQ Technology," which specifically includes the Model Number BN401 ("BLENDER") that is at issue in this case.



2.      SHARKNINJA designs, manufacturers, markets, imports, distributes, and sells a wide range of consumer products, including the subject BLENDER at issue in this case.

3.      SHARKNINJA markets its BLENDERS as being free from defects. Despite SHARKNINJA's marketing claims, it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. These defects cause significant risk of bodily harm and injury to consumers, including SHANA SHAFFER.

4.      The BLENDERS are defectively designed and manufactured and consumers use the BLENDERS without knowledge of the inherent risks. In a short amount of time, the fast-spinning blades can unexpectedly heat up the contents of the Single-Serve Cup, such that if the Single-Serve Cup explodes, or if the Pro Extractor Blades Assembly explodes off the Single-Serve Cup, the user is at risk of severe burns or lacerations requiring medical attention. The BLENDERS pose a safety risk to consumers and other individuals who may be near the BLENDERS.

5.      SHARKNINJA knew or should have known of these defects, but nevertheless put profit before safety by continuing to sell its BLENDERS to consumers and failing to recall the

2

dangerously defective BLENDERS regardless of the risk of significant injuries to SHANA SHAFFER and consumers like her.

6.     As a direct and proximate result of SHARKNINJA's conduct, SHANA SHAFFER incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF SHANA SHAFFER

7.     Plaintiff SHANA SHAFFER is a resident and citizen of the City of Bluff City, County of Sullivan, State of Tennessee.

8.     On or about December 13, 2023, SHANA SHAFFER was using the blender designed, manufactured, marketed, imported, distributed, and sold by SHARKNINJA for its intended and reasonably foreseeable purpose of blending when she sustained severe burns. The incident occurred as a result of the BLENDER's defect(s), namely, the BLENDER's propensity to heat up and pressurize while in use.

## DEFENDANT SHARKNINJA OPERATING, LLC

9.     Defendant SHARKNINJA designs, manufactures, markets, imports, distributes, and sells a variety of consumer products, including the subject BLENDER.

10.     SharkNinja Operating LLC is a Delaware limited liability with its principal place of business in Massachusetts, whose sole member is EP Midco, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in United Kingdom.

3

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action pursuant to G.L. c. 212, §4. This court has personal jurisdiction over the Defendants pursuant to G.L. c.223A, §§ 2 and 3.

12.    Venue is proper in Norfolk County pursuant to G.L. c. 223, §§ 7 and 8(4) because Defendant is doing business in, and because tortious conduct described herein took place in Norfolk County. Venue is independently proper pursuant to G.L. c. 223, §8(4) because a substantial part of the events or omissions giving rise to Plaintiff SHANA SHAFFER's claims, such as the approval of the defective design of the product, occurred within this County, and Defendant SHARKNINJA is a resident of this County.

## FACTUAL ALLEGATIONS

13.    The BLENDER essentially has three components: a motor base unit which contains a high-speed motor ("Motor Base") and a plastic lid mounted with metal blades ("Pro Extractor Blades Assembly"), which screws into the single serve cylinder ("Single-Serve Cup") and is energized by the Motor Base:



**PARTS**

A    (2) Spout Lids
B    (2) Single-Serve Cups
C    Pro Extractor Blades® Assembly
D    Motor Base
      (attached power cord not shown)

**NOTE:** Number and size of Single-Serve Cups/Spout Lids vary by model.

4

14.    During the directed use of the BLENDER, a consumer puts cool or room temperature food into the Single-Serve Cup ("B" in the diagram above). Once the Single-Serve Cup (B) is secured to the Pro Extractor Blades Assembly lid ("C" in the diagram above) and placed onto the Motor Base ("D" in the diagram above), the user can run the blender by selecting a mode on the Motor Base (D). The blades in the Pro Extractor Blades Assembly Lid (C) then rotate, creating friction as they cut and chop the Single-Serve Cup's (B) contents, which in turn causes the contents to heat up.

15.    As the temperature rises inside the Single-Serve Cup (B), the pressure from the frictional energy also rises. The temperature can get so hot that the pressure inside the Single-Serve Cup (B) forces the cup to separate from the Motor Base (D). This can cause the hot contents of the Single-Serve Cup (B) to explosively project outward without warning, landing on anyone and anything nearby.

16.    The BLENDERS have been manufactured such that consumers cannot safely use them in the intended manner without risk of the BLENDERS exploding, potentially resulting in physical injury or property damage.

17.    By reason of the foregoing acts or omissions, SHANA SHAFFER purchased the BLENDER with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

18.    SHANA SHAFFER used her BLENDER for its intended purpose of preparing meals for herself and her family and did so in a manner that was reasonable and foreseeable by SHARKNINJA.

19.    On December 13, 2023, SHANA SHAFFER was using the BLENDER to prepare puréed oatmeal for her daughter. She added room temperature oatmeal, cold milk, and protein

5

powder into the Single-Serve Cup (B) and secured the Single-Serve Cup (B) to the Pro Extractor Blades Assembly lid (C). She then attached the Single-Serve Cup (B) to the Motor Base (D) and selected the "smoothie" setting.

20.    After the smoothie cycle, SHANA SHAFFER removed the Single-Serve Cup (B) from the Motor Base (D) and as soon as she placed the Single-Serve Cup (B) on the counter, the Pro Extractor Blades Assembly lid (C) exploded off the Single-Serve Cup (B) and SHANA SHAFFER was coated in the scalding hot contents.

21.    The BLENDER was defectively designed and manufactured by SHARKNINJA in that its Single-Serve Cup (B) could explosively separate from the Pro Extractor Blades Assembly lid (C) during the normal, directed use of the BLENDER, allowing its scalding hot contents to be forcefully ejected onto SHANA SHAFFER.

22.    As a result of the design and manufacturing defects present in the BLENDER, SHANA SHAFFER suffered second degree burns to her chest, arm, hand, neck, and face.

23.    SHARKNINJA's BLENDERS possess defects that make them unreasonably dangerous for its intended use by consumers, including SHANA SHAFFER.

24.    Economic, safter alternative designs were available that could have prevented the BLENDER's Pro Extractor Blades Assembly lid (C) from explosively separating from the Single-Serve Cup (B). One example of such design includes designing the BLENDER with indicators for pressure build-up within the Single-Serve Cup (B).

25.    As a direct and proximate result of SHARKNINJA's intentional concealment of its defects, its failure to warn consumers of such defects, its negligent misrepresentation, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such

6

products, SHANNA SHAFFER used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

26.     Consequently, SHANA SHAFFER seeks damages resulting from the use of the BLENDER as described above, which has caused her to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION

### COUNT ONE
### STRICT LIABILITY

27.     Plaintiff incorporates as if re-alleged paragraphs 1 through 26 above.

28.     At the time of SHANA SHAFFER'S injuries, the BLENDER was defective and unreasonably dangerous for use by foreseeable consumers, including SHANA SHAFFER.

29.     SHARKNINJA's BLENDER was in the same or substantially similar condition at the time of the explosion as it was when it left the possession of SHARKNINJA.

30.     SHANA SHAFFER did not misuse or materially alter the BLENDER.

31.     The BLENDER did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

32.     Further, a reasonable person would conclude that the possibility of harm outweighs the burden or cost of making the BLENDERS safe. Specifically:

    a. The BLENDERS designed, manufactured, sold, and supplied by SHARKNINJA were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the burn injuries resulting from the BLENDER drastically outweighs any benefit that could be derived from its normal, intended use;

7

c. SHARKNINJA failed to properly design, market, manufacture, distribute, supply, and sell the BLENDERS, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. SHARKNINJA failed to warn and place adequate warnings and instructions on the BLENDERS;

e. SHARKNINJA failed to adequately test the BLENDERS; and

f. SHARKNINJA failed to market an economically feasible alternative design, dispute the existence of the aforementioned economical, safer alternatives, that could have prevented SHANA SHAFFER'S injuries and damages.

33. As a direct and proximate result of the design, manufacturing and/or warning defects in the BLENDER for which SHARKNINJA is liable, Plaintiff SHANA SHAFFER suffered physical, mental, and emotional injuries and damages, and she will continue to suffer these damages into the future.

**COUNT TWO**
**NEGLIGENCE**

34. Plaintiff incorporates as if re-alleged paragraphs 1 through 33 above.

35. SHARKNINJA has a duty of reasonable care to design, manufacture, market, and sell a non-defective BLENDER that is reasonably safe for their intended uses by consumers, such as Plaintiff.

36. SHARKNINJA breached its various duties of care in the following ways with respect to the explosion:

(a) Tortiously designing, manufacturing, marketing, promoting, advertising, and/or selling the BLENDER such that a defect existed that allowed the BLENDER to

8

build dangerous pressure, causing SHANA SHAFFER to suffer catastrophic injury.

(b)    Tortiously failing to warn at all, or to adequately warn, consumers of the BLENDER, including SHANA SHAFFER, of the unreasonable dangers and risks inherent in its design and manufacture; and

(c)    Tortiously failing to timely and effectively remedy, recall, or otherwise warn post-sale of the defective and dangerous condition known to exist in the BLENDER so as to avoid suffering and catastrophic injury, such as occurred here.

37.    SHARKNINJA failed to exercise ordinary care in the manufacture, sale, warning, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its BLENDERS, thus creating a high risk of unreasonable harm to consumers, including SHANA SHAFFER. SHARKNINJA knew, or should have known, of these safety risks.

38.    As a result of these negligent acts, the BLENDER was sold and manufactured in a defective condition that was known or should have been known to SHARKNINJA.

39.    SHARKNINJA's conduct, including the distribution of dangerous BLENDERS premised on the false representation that they are free from unreasonably dangerous defects demonstrates a conscious disregard or indifference to the life, safety, and rights of consumers, and constitutes gross negligence.

40.    As a direct and proximate result of the various breaches of SHARKNINJA's duties, Plaintiff SHANA SHAFFER suffered grievous and permanent physical, mental, and emotional injuries and damages, and she will continue to suffer these damages into the future.

## COUNT THREE
## BREACH OF WARRANTY

41.    Plaintiff incorporates as if re-alleged paragraphs 1 through 40 above.

9

42.    The BLENDER is a "good" and at all times the BLENDER was placed into the stream of commerce by SHARKNINJA, SHARKNINJA was a merchant with respect to goods of this kind.

43.    At all times relevant, SHARKNINJA knew of the intended and reasonably foreseeable use of the BLENDER and impliedly and expressly warranted the product to be of merchantable quality and to be safe and fit for its intended use and purpose.

44.    SHANA SHAFFER reasonably relied upon SHARKNINJA's knowledge and expertise as designers, manufacturers, marketers, distributors, and/or sellers of products and thus relied upon its representations and warranties as to the merchantability, safety, and fitness of its BLENDERS.

45.    SHARKNINJA breached all provisions in regard to implied warranties, warranty of merchantability, and usage of trade in T.C.A. § 47-2-314 and fitness for a particular purpose as provided in T.C.A. § 47-2-315.

46.    SHARKNINJA breached all provisions in regard to express warranties as provided in T.C.A. § 47-2-313.

47.    As a direct and proximate result of SHARNINJA's breaches of implied and express warranties, Plaintiff SHANA SHAFFER suffered physical, mental, and emotional injuries and damages, and she will continue to suffer these damages into the future.

## COUNT FOUR
## GL.c. 93A UNFAIR AND DECEPTIVE PRACTICES

48.    Plaintiff incorporates as if re-alleged paragraphs 1 through 47 above.

49.    Defendant was at all times material hereto engaged in the conduct of trade and commerce throughout the United States including the Commonwealth of Massachusetts and the state within which Plaintiff was exposed to the BLENDER.

10

50.     Defendant engaged in trade and commerce with respect to the design, manufacture, approval, marketing, promotion, distribution and sale of the BLENDER, which were unfit for their intended use, and which had risks that substantially outweighed any benefits.

51.     Defendant, in furtherance of their business of trade and commerce, did knowingly and willfully fail to disclose to Plaintiff information about the risks associated with the exposure to the BLENDER.

52.     The Defendant made misleading statements and failed to disclose information to Plaintiff concerning the BLENDER in their marketing, promotion, distribution, and sale.

53.     The Defendant knew the facts concerning the BLENDER were material to Plaintiff in assessing the safety of the BLENDER.  Defendant also knew that withholding this information would place Plaintiff at further risk of injury.

54.     The Defendant made these misrepresentations and failed to disclose material facts for the purpose of inducing Plaintiff to be exposed to the BLENDER.

55.     As a direct and proximate result of their reliance and as a direct and proximate cause of the Defendant willful or knowing unfair or deceptive acts or practices in violation of G.L. c. 93A, § 2, Plaintiff has sustained serious and permanent injuries as set forth above and is entitled to damages for pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, and loss of the ability to earn money in the future.

56.     Defendant's violation of G.L. c. 93A, § 2 entitles Plaintiff to an award of actual damages and reasonable attorney's fees and costs incurred in connection with said action.

57.     Defendant's actions which resulted in their failure to provide accurate and sufficient information about the true risks of death associated with the BLENDER constitute unfair and deceptive acts and practices as defined in G.L. c. 93A.

11

Date Filed 5/16/2025 6:07 PM
Superior Court - Norfolk
Docket Number

58.     Defendant knowingly and willfully engaged in these unfair and deceptive acts and practices in violation of G.L. c. 93A, § 2, entitling Plaintiff to an award of up to treble but not less than double damages against the Defendant.

59.     Plaintiff has sent a letter of demand for settlement to the Defendants and has complied with all the requirements of G.L. c. 93A, § 9.  As of the date of this filing, Defendant has responded to Plaintiff's demand.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for damages, as well as all costs of this action and a trial by jury of all issues to be tried.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.   That Defendant SHARKNINJA Answer this Complaint as provided by law;

2.   That Plaintiff have a trial by jury;

3.   That Plaintiff recover all elements of compensatory damages against Defendant;

4.   That Plaintiff recover all damages to which she is entitled to recover under Tennessee law, including but not limited to:

   a.   Damages for mental and physical suffering, loss of time, and necessary expenses resulting to Plaintiff as a result of the injuries she has and will continue to suffer;

   b.   Punitive damages sufficient to punish, penalize, and deter the tortious conduct outlined in this Complaint;

   c.   Reasonable and necessary medical expenses in the past for Plaintiff;

   d.   Reasonable and necessary medical expenses which will be incurred in the future by Plaintiff;

12

e.  Physical pain suffered in the past by Plaintiff;

f.  Physical pain which will be suffered in the future by Plaintiff;

g.  Mental anguish suffered in the past by Plaintiff;

h.  Mental anguish which will be suffered in the future by Plaintiff;

i.  Physical impairment in the past of Plaintiff;

j.  Physical impairment which will be suffered in the future by Plaintiff;

k.  Disfigurement sustained in the past by Plaintiff;

l.  Disfigurement which will be sustained in the future by Plaintiff; and

m.  Permanent injuries suffered by Plaintiff.

5.  That Plaintiff recovers damages caused by Defendant's breach of warranties;

6.  That Plaintiff recovers all prejudgment interest;

7.  That Plaintiff recovers all costs, including discretionary costs; and

8.  That the Court award all other and future relief as it deems proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable.

Dated:  May 16, 2025                          Respectfully submitted,

By:   /s/ Walter Kelley
      Walter Kelley
      Bernheim Kelley Battista, LLC
      4 Court Street
      Plymouth, MA 02360
      (617) 420-1111

      wkelley@realjustice.com

      Curt Tanner, *pro hac vice pending*
      Cory Watson, P.C.
      2131 Magnolia Avenue South
      Birmingham, AL 35205
      Direct (205) 271-7137

13

Main (205) 328-2200
ctanner@corywatson.com

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER**

2582CV00550

**Massachusetts Trial Court**
**Superior Court**

**COUNTY** Norfolk Superior Court (Dedham)

| | |
|---|---|
| **Plaintiff** Shana Shaffer | **Defendant:** Sharkninja Operating, LLC |
| ADDRESS: Bluff City Tennessee | ADDRESS: 89 A Street, Suite 100 |
| | Needham, MA 02494 |
| | |
| **Plaintiff Attorney:** Walter Kelley, Bernheim Kelley Battista, LLC | **Defendant Attorney:** |
| ADDRESS: 4 Court Street, Plymouth, MA 02360 | ADDRESS: |
| | |
| | |
| BBO: 670525 | BBO: |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Product Liability | A | ☒ YES ☐ NO |

*If "Other" please describe: _____

**Is there a claim under G.L. c. 93A?**
☒ YES ☐ NO

**Is there a class action under Mass. R. Civ. P. 23?**
☐ YES ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses ............................................................... $100,000.00

    2. Total doctor expenses ................................................................. $50,000.00

    3. Total chiropractic expenses ........................................................ _____

    4. Total physical therapy expenses ................................................. _____

    5. Total other expenses (describe below) ....................................... $350,000.00

        Subtotal (1-5): $500,000.00

B. Documented lost wages and compensation to date ........................ _____

C. Documented property damages to date .......................................... _____

D. Reasonably anticipated future medical and hospital expenses ........ _____

E. Reasonably anticipated lost wages ................................................ _____

F. Other documented items of damages (describe below) ................... _____

        TOTAL (A-F): $500,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X /s/ Walter Kelley     Date: May 16, 2025

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X /s/ Walter Kelley     Date: May 16, 2025

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF —** On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT —** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
(TORT) MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 2582CV00550

Shana Shaffer _____, Plaintiff(s)

v.

Sharkninja Operating LLC _____, Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Sharkninja Operating LLC
plaintiff's attorney, whose address is Bernheim Kelley 4 Court Street, Plymouth, MA 02360
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,    Michael D. Ricciuti, Esquire    }, at _____ the _____

day of _____, in the year of our Lord two thousand and _____

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption.
   If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

 **Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

**May 27, 2025**

**I hereby certify and return that on 5/23/2025 at 12:42 PM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Darlena Mitchell, agent and person in charge at the time of service for Sharkninja Operating LLC, at CT Corporation System 155 Federal Street Suite 700 Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($6.40) Administrative Fee ($15.00) Deputy Expense ($5.00) Total: $62.70**

Deputy Sheriff     Gabrielle Drapeau

_____
*Deputy Sheriff*

, 20

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION

NO. 2582 CV00550

NORFOLK, ss.

Shana Shaffer .............., Plaintiff

v.

Sharkninja Operating LLC .............., Defendant

SUMMONS

(Mass. R. Civ. P.4)